**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| DAN BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>        Defendant. | No. SA CV 08-1057-PLA<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on September 26, 2008, seeking review of the Commissioner's denial of his application for Disability Insurance Benefits. The parties filed Consents to proceed before the undersigned Magistrate Judge on October 3, 2008, and November 19, 2008. The parties filed a Joint Stipulation on July 14, 2009, that addresses their positions concerning the disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## **BACKGROUND**

Plaintiff was born on September 9, 1955. [Administrative Record ("AR") at 62, 469.] He has a college education [AR at 92, 469], and past relevant work experience as a design and electrical engineer. [AR at 88, 117, 470.]

On March 16, 2004, plaintiff filed his application for Disability Insurance Benefits, alleging he has been unable to work since April 1, 2003, due to, among other things, pain in his back, neck, arms, hands, and ankles. [AR at 59-64, 87-93.] After his application was denied initially and on reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 46-58.] A hearing was held on September 19, 2006, at which plaintiff appeared with counsel and testified on his own behalf. [AR at 17, 466-501.] A medical expert and vocational expert also testified. [AR at 481-98.] On December 7, 2006, the ALJ determined that plaintiff was not disabled. [AR at 14-22.] Plaintiff requested review of the hearing decision. [AR at 11.] When the Appeals Council denied plaintiff's request for review on August 28, 2008, the ALJ's decision became the final decision of the Commissioner. [AR at 4-8.] This action followed.

## III.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th

Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

## IV.
## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

**A.   THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that he is unable to perform

past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.     THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since April 1, 2003, the alleged onset date of the disability.[1] [AR at 21.] At step two, the ALJ concluded that plaintiff's back, neck, and left shoulder pains are "severe" impairments. [AR at 19, 21.] At step three, the ALJ determined that plaintiff's impairments do not meet or equal any of the impairments in the Listing. [Id.] The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[2] to perform light work.[3] [AR at 21.] At step four, the ALJ concluded that plaintiff was capable of performing his past relevant work "or other work existing in significant numbers in the economy." [AR at 20-21.] Accordingly, the ALJ determined that plaintiff is not disabled. [Id.]

/
/
/
/

---

[1]  The ALJ also determined that plaintiff was insured for Disability Insurance Benefits purposes at least through December 7, 2006, the date of the decision. [AR at 18, 21.]

[2]  RFC is what a claimant can still do despite existing exertional and nonexertional limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[3]  Light work is defined as work involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and requiring "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

# V.

# **THE ALJ'S DECISION**

Plaintiff contends that the ALJ failed to properly consider the evidence, including plaintiff's testimony and the testimony of the medical and vocational experts. [Joint Stipulation "JS" at 4-10, 15-23.] As set forth below, the Court agrees with plaintiff, in part, and remands the matter for further proceedings.

## A. THE MEDICAL EXPERT'S TESTIMONY

Plaintiff asserts that the ALJ improperly considered the testimony of the medical expert, Dr. Minh Vu, in finding plaintiff not disabled. [JS at 5-9.] Specifically, plaintiff argues that the ALJ improperly ignored Dr. Vu's testimony that if plaintiff provided proof that he regularly attended physical therapy three times a week, his impairments would equal section 1.04 of the Listing. [Id.] Plaintiff contends that his medical records, some of which were presented after his hearing, do present such proof, and that the ALJ therefore erred in not considering that part of Dr. Vu's testimony. [JS at 7.] Defendant argues that plaintiff has misinterpreted Dr. Vu's testimony. [JS at 10-14.] According to defendant, Dr. Vu testified that plaintiff *might* meet the listing, but only if additional medical evidence could "justify the frequency and duration of his therapy visits." [JS at 14.] Defendant claims that the medical evidence does not show this justification. [JS at 10-15.] Thus, defendant contends, the ALJ properly considered Dr. Vu's testimony. [Id.]

The Court does not find, as argued by plaintiff, that Dr. Vu affirmatively "testified that [plaintiff] equaled a listed impairment" or that plaintiff would equal the Listing if he presented additional evidence proving that he merely attended physical therapy three times each week. [JS at 6-7, 15-16.] Rather, in the context of his entire testimony, it appears that Dr. Vu asserted that the medical evidence before him neither justified the alleged extent of plaintiff's medical treatment nor established that plaintiff was disabled, but that if plaintiff presented additional medical evidence justifying the alleged frequency of treatment, his impairments would equal section 1.04 of the Listing. [AR at 489-92.] Specifically, Dr. Vu testified that "I don't have the . . . evidence in the Exhibits of that frequency of treatment" (referring to weekly treatment of electrical stimulation and

medication) [AR at 483]; "I haven't seen the justification of 3 times a week for physical therapy over the whole time that [plaintiff] claims" [AR at 489]; and "I don't have evidence that [plaintiff] had much of the treatment." [AR at 489-90.] Dr. Vu also explained that he thought there was a lapse in the medical evidence documenting plaintiff's pain treatment after January 2005 until June 2006. [AR at 485.] He asserted that plaintiff did not appear disabled, in part because the available medical evidence indicated that plaintiff's neurological, muscle, and nerve functions were all normal. [AR at 492-93.] However, Dr. Vu also testified that "[i]f [plaintiff] can submit the medical record to support that frequency of treatment [alleged by plaintiff], I think [plaintiff's impairments] would meet the listing." [AR at 491-92.]

To meet or equal a listing, a claimant must establish that he meets each characteristic of a listed impairment. 20 C.F.R. §§ 404.1520(d), 416.920(d); see also Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir 1999). Plaintiff has put forth no argument addressing how his impairments equal the characteristics of Listing 1.04. Instead, he principally relies on his interpretation of Dr. Vu's testimony to assert that his impairments equal the Listing. [AR at 15-16.] As the Court does not adopt plaintiff's interpretation of Dr. Vu's testimony, the Court likewise does not find that plaintiff has established that his impairments equal section 1.04 of the Listing. 20 C.F.R., Part 404, Subpt. P, App. 1. Nonetheless, plaintiff did submit additional evidence pertaining to his medical treatment that was not considered by the ALJ or Dr. Vu in evaluating plaintiff's disability status.[4] Because Dr. Vu testified that additional medical evidence could establish that plaintiff is

---

[4] The additional records submitted by plaintiff, which were not available to Dr. Vu or the ALJ at the time of her decision, provide additional evidence that he was prescribed and attended physical therapy sessions multiple times each week. [AR at 504, 508-10, 513, 515, 519, 527-29, 534, 540, 545-46, 548, 552, 557-73, 576.] According to plaintiff's mileage log, he received physical therapy from Dr. Adam Velasco from November 2004 to May 2007. [AR at 558-73.] However, there is still little evidence documenting the actual treatment received at plaintiff's physical therapy sessions after January 2004. Aside from one illegible document [AR at 379], the Court found no records from Dr. Velasco regarding plaintiff's treatment after January 2004. On remand, the ALJ is instructed to contact Dr. Velasco to obtain such records, if any exist. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) (an ALJ is obligated to contact a doctor when "the doctor's report is ambiguous or insufficient for the ALJ to make a disability determination.") (internal citation omitted).

disabled, the Court finds that remand is warranted for reconsideration by the medical expert of plaintiff's disability status in light of the updated evidence.

Although the Court does not agree with plaintiff's interpretation of Dr. Vu's testimony, the Court does find that the ALJ improperly relied on Dr. Vu's testimony in finding plaintiff not disabled. Specifically, the ALJ asserted that Dr. Vu found "that there was no objective evidence of the three times weekly physical therapy [plaintiff] alleged he needed and received," and "that between January 2005 and June 2006, there were no records of visits to doctors for the relief of pain." [AR at 19.] The ALJ's reliance on Dr. Vu's testimony was erroneous for at least two reasons.

First, the medical evidence contradicted the ALJ's finding, which was based on Dr. Vu's testimony, that no evidence supported plaintiff's alleged need for and receipt of physical therapy. A non-examining physician's opinion "with nothing more" cannot constitute substantial evidence to support the ALJ's finding that plaintiff is not disabled. Andrews, 53 F.3d at 1042. The testimony of a non-examining physician may constitute substantial evidence on which the ALJ may rely only if the testimony is "supported by other evidence in the record and [is] consistent with it." Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999); see Lester, 81 F.3d at 830-31. Even with some gaps in plaintiff's medical records concerning his physical therapy attendance, the evidence still corroborated that he was prescribed and regularly attended physical therapy multiple times each week. [AR at 145, 149, 155-61, 169, 175, 178, 181, 186, 190-94, 201, 231, 244, 248-52, 256, 260-64, 299-304, 307-10, 313-16, 319-25, 340, 350-51, 380, 388-92, 398, 410, 412, 414, 419, 431, 434, 436-37, 441, 455.] In addition, contrary to Dr. Vu's testimony, the record supported plaintiff's testimony that he did in fact receive pain treatment from February 2005 to June 2006.[5] [AR at 485.] Since plaintiff's medical records contradicted Dr. Vu's testimony, it

---

[5] The medical evidence shows that plaintiff's treating physicians instructed him to continue attending physical therapy three times each week in February 2005 [AR at 390], March 2005 [AR at 398], August 2005 [AR at 392], October 2005 [AR at 388], January 2006 [AR at 410], April 2006 [AR at 412], and May 2006. [AR at 414.]

was improper for the ALJ to rely on those portions of that testimony in finding plaintiff not disabled.[6]  Andrews, 53 F.3d at 1042.

Secondly, the ALJ's assertion that Dr. Vu found no objective evidence showing that plaintiff attended physical therapy three times a week [AR at 19], does not accurately characterize his testimony. Dr. Vu did not testify that there was *no* evidence that plaintiff attended physical therapy three times a week. Rather, he acknowledged that there were records evidencing at least some of plaintiff's alleged medical treatment and testified that the evidence did not fully justify plaintiff's asserted need to attend physical therapy three times a week "over the whole time that he claim[ed]." [AR at 483-85, 489.] An ALJ is not permitted to make an evidentiary conclusion while "not fully accounting for the context of materials or all parts of the testimony" upon which the conclusion is based. Reddick v. Chater, 157 F.3d 715, 722-23 (9th Cir. 1998). In relying on Dr. Vu's testimony to find that no objective medical evidence supported the alleged extent of plaintiff's physical therapy, the ALJ erroneously misconstrued Dr. Vu's testimony and ignored medical evidence that demonstrated otherwise.[7]  Remand is warranted on this issue.

---

[6]  The Court notes additional parts of the decision in which the ALJ relied on Dr. Vu's review of the treatment record even though his testimony was inconsistent with the underlying medical evidence.  For example, the ALJ cited Dr. Vu's finding that there was "no EMG or nerve conduction study in the case file" and "the reports showed no compression of the nerve roots." [AR at 19.]  To the contrary, Dr. Ronald M. Schilling's records document his electromyographic "EMG" study of plaintiff's lumbar spine and lower extremities revealing nerve root abnormalities. [AR at 269-75, 279-84.]  Dr. Schilling reported an "abnormal EMG of the lumbar spine and lower extremities in a pattern consistent with acute denervation changes . . . consistent with S1 nerve root pathology on the right as would be seen in a lumbar discopathy with nerve root impingement." [AR at 274.]

[7]  To the extent the ALJ rejected the findings of plaintiff's treating physicians in crediting Dr. Vu's testimony, the ALJ's rejection was likewise improper. Generally, treating physicians' opinions are given greater weight than those of other physicians. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007); Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).  Where the treating physician's opinion is contradicted by another physician, the ALJ may only reject the opinion of the treating physician if the ALJ provides specific and legitimate reasons for doing so that are based on substantial evidence in the record. Lester, 81 F.3d at 830; see Ramirez v. Shalala, 8 F.3d 1449, 1453-54 (9th Cir. 1993). The ALJ did not present legitimate reasons for rejecting plaintiff's treating physicians' opinions.  In fact, she failed to explicitly address their findings at all.

**B.    THE VOCATIONAL EXPERT'S AND PLAINTIFF'S TESTIMONY**

Plaintiff argues that the ALJ erred in disregarding the vocational expert's testimony that a person who missed work three times a week for physical therapy sessions would be unable to sustain employment. [JS at 6-8.] Plaintiff also asserts that the ALJ improperly considered his own testimony. [JS at 17-23.] The ALJ stated that she did not consider that part of the vocational expert's testimony because there was no proof that plaintiff's physical therapy was medically prescribed or that it would need to occur during the time that plaintiff would otherwise be working. [AR at 20.] With regard to plaintiff's testimony, although the ALJ found plaintiff credible as to the existence of his pain and the extent of his symptoms, she nonetheless found that "the disabling nature of [his] impairments is not supported by objective findings or treatment records or daily activities." [AR at 19.] As explained herein, the ALJ improperly considered the medical evidence by erroneously relying on and misconstruing Dr. Vu's testimony. Since the ALJ's disregard of the vocational expert's and plaintiff's testimony was based in part on the ALJ's analysis of the medical evidence, including evidence of plaintiff's physical therapy, these issues should be reconsidered on remand as well.

## VI.

## REMAND FOR FURTHER PROCEEDINGS

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate in order to reconsider the updated medical evidence, as well as the testimony of the medical expert, vocational expert, and plaintiff. The ALJ is instructed to take whatever further action is deemed appropriate and consistent with this decision.

/
/
/

9

1   Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**;
2  (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant
3  for further proceedings consistent with this Memorandum Opinion.
4   **This Memorandum Opinion and Order is not intended for publication, nor is it**
5  **intended to be included in or submitted to any online service such as Westlaw or Lexis.**

8  DATED: October 20, 2009

                                        /s/ Paul L. Abrams
                                        PAUL L. ABRAMS
                                        UNITED STATES MAGISTRATE JUDGE